951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rayfield RILEY, Petitioner-Appellant,
v.
Eddie YLST, Superintendent at Vacaville Respondent-Appellee.
 No. 90-16262.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Dec. 16, 1991.
 
 Before CHAMBERS, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Rayfield Riley appeals pro se the district court's denial of his habeas petition challenging his state conviction for second degree murder.
 
 
 3
 Riley contends that he received ineffective assistance of counsel at trial because his trial counsel failed to object to testimony that Riley was a gang member. To prevail on a claim of ineffective assistance of counsel, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Strickland, 466 U.S. 668, 694 (1984).
 
 
 4
 During the first part of the trial, the prosecution was trying to prove premeditation thus showing first degree murder. Evidence of gang membership was highly relevant. Counsel's failure to object was not an error. Once the prosecution rested and the first degree murder charge dropped out, gang related testimony was only relevant if the prosecution argued that the murder was gang related. In his closing argument the prosecutor admitted that the shooting was not gang-related.
 
 
 5
 However, we need not resolve whether this was an error because under Strickland, we need only look to the reasonable likelihood that the jury would have reached a different conclusion without the gang related testimony. Strickland, 466 U.S. at 696.
 
 
 6
 In this case, Riley admitted both that he shot Orlando Taylor and that he lied repeatedly to the police about the circumstances of the event. On cross examination he admitted that he changed his version of the events to include an accidental shoulder bump which caused the gun to discharge, Riley stated, "I decided to tell that story when my lawyer had pointed out how much time it carries if I was convicted for murder." Later Riley said, "I changed the story because I couldn't do all this time. I can't. It's too much."
 
 
 7
 Under California law, conscious disregard of a substantial risk of danger to some person's life, when combined with a deliberate act which is performed in spite of the risk and danger and which results in another's death, is second degree murder. Because Riley admitted to recognizing the victim's car as it was traveling into his line of fire, and because the gun was then fired, it is likely that the jury's second degree murder verdict would have been the same without the gang related testimony. Under Strickland, the conviction can only be overturned if without the gang membership testimony there is a reasonable probability that there would have been a different conclusion.
 
 
 8
 We affirm the lower court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3